No. 411A94-5                                                          TWELFTH DISTRICT

FILED 18 DECEMBER 2015

SUPREME COURT OF NORTH CAROLINA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| STATE OF NORTH CAROLINA | ) | |
| | ) | |
| v. | ) | From Cumberland County |
| | ) | |
| MARCUS REYMOND ROBINSON | ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>ORDER</u>

The trial court granted respondent's motion for appropriate relief under the Racial Justice Act, N.C.G.S. §§ 15A-2010 to -2012 (2009). We allowed a petition for writ of certiorari to review the trial court's order.

Central to respondent's proof in this case is a statistical study that professors at the Michigan State University College of Law conducted between 2009 and 2011. Respondent gave petitioner all of the data used for the study in May 2011 and a report summarizing the study's findings in July 2011. Respondent then provided the final version of the study to petitioner in December 2011, approximately one month before the hearing on respondent's motion began. At the start of the hearing, petitioner moved for a third continuance because it needed more time to collect additional data from prosecutors throughout the state and to address respondent's study. The trial court denied the motion.

Section 15A-952 of the Criminal Procedure Act requires a trial court ruling on a motion to continue in a criminal proceeding to consider whether a case is "so unusual and so complex" that the movant needs more time to adequately prepare. N.C.G.S. § 15A-952(g)(2) (2013). Respondent's study concerned the exercise of peremptory challenges in capital cases by prosecutors in Cumberland County, the former Second Judicial Division, and the State of North Carolina between 1990 and 2010. The breadth of respondent's study placed petitioner in the position of defending the peremptory challenges that the State of North Carolina had exercised in capital prosecutions over a twenty-year period. Petitioner had very limited time, however, between the delivery of respondent's study and the hearing date. Continuing this matter to give petitioner more time would have done no harm to respondent, whose remedy under the Act was a life sentence without the possibility of parole. *See* N.C.G.S. § 15A-2012(a)(3). Under these exceptional circumstances, fundamental fairness required that petitioner have an adequate opportunity to prepare for this unusual and complex proceeding. Therefore, the trial court abused its discretion by denying petitioner's third motion for a continuance.

The trial court's failure to give petitioner adequate time to prepare resulted in prejudice. *See* N.C.G.S. § 15A-952(g)(1)-(2). Without adequate time to gather evidence and address respondent's study, petitioner did not have a full and fair opportunity to defend this proceeding. *Cf. State v. Wong*, No. 424P09, 2009 N.C. LEXIS 1263 (N.C. Oct. 9, 2009); *State v. Stuart*, 359 N.C. 279, 609 S.E.2d 224 (2004); *State v. Nicholson*, 533 S.E.2d 463 (N.C. 1999). Accordingly, the trial court's order is

2

vacated and the matter is remanded to the senior resident superior court judge of Cumberland County for reconsideration of respondent's motion for appropriate relief. *Cf.* Gen. R. Pract. Super. & Dist. Cts. 25(4), 2016 Ann. R. N.C. 22.

We express no opinion on the merits of respondent's motion for appropriate relief at this juncture. On remand, the trial court should address petitioner's constitutional and statutory challenges pertaining to the Act. In any new hearing on the merits, the trial court may, in the interest of justice, consider additional statistical studies presented by the parties. The trial court may also, in its discretion, appoint an expert under N.C. R. Evid. 706 to conduct a quantitative and qualitative study, unless such a study has already been commissioned pursuant to this Court's Order in *State v. Augustine*, ___ N.C. ___, ___ S.E.2d ___ (2015) (139PA13), in which case the trial court may consider that study. If the trial court appoints an expert under Rule 706, the Court hereby orders the Administrative Office of the Courts to make funds available for that purpose.

By order of the Court in Conference, this 15th day of December, 2015.


<u>s/Jackson, J.</u>
For the Court
Justice ERVIN did not participate in the consideration or decision of this case.

3

WITNESS my hand and the seal of the Supreme Court of North Carolina, this 18th day of December, 2015.

CHRISTIE S. CAMERON ROEDER
Clerk of the Supreme Court

s/M.C. Hackney
Assistant Clerk

4